# ATTACHMENT A

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Maryland

| Fifth Generation Inc. | ) | |
|---|---|---|
| *Opposer* | ) | Opposition No. 91226034 |
| v. | ) | |
| | ) | Before the Trademark Trial & Appeal Board of |
| Titomirov Vodka LLC | ) | the United States Patent & Trademark Office |
| | ) | issued pursuant to 35 U.S.C. § 24 |
| *Applicant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Titomirov Vodka LLC          Corporate Creations Network, Inc.
     5800 Midhill Street    c/o   11380 Prosperity Farms Road #221E
     Bethesda, MD 20817           Palm Beach Gardens, FL 33410

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Schedule A attached hereto.

| Place: | Stein Sperling Bennett De Jong Driscoll PC<br>25 West Middle Lane<br>Rockville, Maryland 20850 | Date and Time: | August 17, 2016<br>9:00 AM |
|---|---|---|---|

The deposition will be recorded by this method: Video and stenographic means

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: July 12, 2016

CLERK OF COURT                                    OR   [signature]

_____                              _____
Signature of Clerk or Deputy Clerk                     Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Fifth Generation Inc. , who issues or requests this subpoena, are:
Vinson & Elkins LLP, 2200 Pennsylvania Avenue NW, Suite 500, Washington, DC 20037
Matthew J. Ricciardi, Esq., mricciardi@velaw.com, (202) 639-6784

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

TTAB Opposition No. 91226034

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

Pursuant to this subpoena issued by the United States District Court for the District of Maryland under 35 U.S.C. § 24, and as specified in Fed. R. Civ. P. 30(b)(6) and TBMP § 404.06(b), applicant Titomirov Vodka LLC shall designate and prepare one or more persons to testify on its behalf with respect to the following topics:

### DEFINITIONS

1. "Fifth Generation" means opposer Fifth Generation Inc. and its subsidiaries, predecessors in interest, divisions, directors, officers, employees, agents, attorneys, and representatives.

2. "Titomirov" means the applicant Titomirov Vodka LLC and its subsidiaries, predecessors in interest, divisions, directors, officers, employees, agents, attorneys, and representatives.

3. "Opposed Mark" means the TITOMIROV VODKA standard character mark sought to be registered by Application Serial No. 86/504,543 that is the subject of this opposition proceeding.

4. "Including" means "including but not limited to" the examples stated.

5. "Person" means any individual or legal entity, including natural persons, corporations, limited liability companies, partnerships, and associations.

6. "Documents" and "electronically stored information" have the meaning set forth in Fed. R. Civ. P. 34(a). A request for "documents" means a request for hardcopy and electronic documents, communications in any medium, and any other responsive electronically stored information or tangible things.

7.      Singular forms shall be deemed to include plural forms, and the disjunctive shall be deemed to include the conjunctive, and vice versa, so as to maximize the scope of each Request. Likewise, the present tense shall be deemed to include the past tense, and vice versa, so as to maximize the scope of each Request.

8.      Any term not otherwise defined shall be given its plain and ordinary meaning.

## TOPICS

1.      Potential confusion and any instances of actual confusion between the Opposed Mark and the TITO'S and TITO'S HANDMADE VODKA marks owned by Fifth Generation.

2.      Why the Opposed Mark is not "likely when used on or in connection with [Titomirov's] goods, namely vodka, to cause confusion, or to cause mistake or to deceive the consuming public as to the source of the goods," as alleged in Paragraph 8 of Titomirov's Answer.

3.      Whether the Opposed Mark would dilute the distinctiveness of the TITO'S and TITO'S HANDMADE VODKA marks owned by Fifth Generation.

4.      Why Titomirov's use of the Opposed Mark for vodka is not "likely to diminish or dilute the value of" the TITO'S and TITO'S HANDMADE VODKA marks owned by Fifth Generation, as alleged in Paragraph 9 of Titomirov's Answer.

5.      Whether the TITO'S and TITO'S HANDMADE VODKA marks owned by Fifth Generation are famous.

6.      Promotional materials designed, commissioned, paid for, or utilized by or on behalf of Titomirov that incorporate the Opposed Mark, including television commercials, radio commercials, online advertisements, web pages, and print advertisements.

7.      The conception and design of the Opposed Mark.

8. Titomirov's decision to adopt the Opposed Mark.

9. Titomirov's efforts to register the Opposed Mark on the Principal Register and to assert or enforce an exclusive right to use the Opposed Mark.

10. Use of the Opposed Mark in commerce by Titomirov, including the first such use.

11. Past, present, and planned products bearing the Opposed Mark.

12. Titomirov's gross revenue, expenses, and profits associated with sales of products bearing the Opposed Mark.

13. The circumstances under which Titomirov first became aware that Fifth Generation marketed competing vodka products under the TITO'S and TITO'S HANDMADE VODKA marks.

14. The organizational structure of Titomirov, including the divisions and persons responsible for the conception and adoption of the Opposed Mark and the development, approval, and execution of marketing and branding strategies, advertising campaigns, and other promotions incorporating the Opposed Mark.

15. Computer and other electronic communication systems used by Titomirov, including its electronic mail system, file servers, web servers, document management system, and data backup procedures.

16. Titomirov's systems, practices, and procedures for maintaining and organizing hardcopy documents.

17. Titomirov's document retention policies and implementation thereof.

18.     Titomirov's efforts to identify and produce documents responsive to Fifth Generation's First Set of Requests for Production, including the identity of the individual(s) who searched for responsive documents, the electronic and hardcopy locations searched, and the procedures and parameters used for those searches.

19.     Titomirov's response to Fifth Generation's First Set of Interrogatories, including the identity of the individual(s) who provided the information contained therein and steps taken to research and locate responsive information.

20.     Titomirov's efforts to prepare its designees so that they can give complete, knowledgeable, and binding answers on its behalf with respect to Topics 1–19 above.

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

Fifth Generation Inc.

                **Plaintiff**

            vs.        Case No: 91226034

Titomirov Vodka LLC

                **Defendant**

### AFFIDAVIT OF SERVICE

I, Tommy K. Williams, III, a Private Process Server, being duly sworn, depose and say:

That I have been duly authorized to make service of the Deposition Subpoena with Schedule A in the above entitled case.

That I am over the age of eighteen years and not a party to or otherwise interested in this action.

That on 07/13/2016 at 12:59 PM, I served Titomirov Vodka LLC c/o Coroporate Creations Network, Inc., Registered Agent with the Deposition Subpoena with Schedule A at 11380 Prosperity Farms Road, #221 E, Palm Beach Gardens, Florida 33410 by serving Raziur Rahman, Designated Agent, authorized to accept service.

Raziur Rahman is described herein as:

Gender: Male   Race/Skin: White   Age: 40   Weight: 180   Height: 6'0"   Hair: Black   Glasses: No

I do solemnly declare and affirm under penalty of perjury that I have read the foregoing information set forth herein is correct to the best of my knowledge, information, and belief.

Executed On 7/19/2016

JESSICA OAKLEY
MY COMMISSION #FF916860
EXPIRES: SEP 09, 2019
Bonded through 1st State Insurance

Tommy K. Williams, III

Client Ref Number: FIF484/71000
Job #: 1511107

Capitol Process Services, Inc. | 1827 18th Street, NW, Washington, DC 20009 | (202) 667-0050

**CERTIFICATE OF SERVICE**

I, Christopher Emond, hereby certify that on this 22nd day of July 2016, a true and complete copy of the foregoing has been served on Opposer's counsel, W. Scott Brown, Esquire, via First Class Mail (as prescribed by law), postage prepaid, addressed as follows:

W. Scott Brown, Esquire
VINSON & ELKINS, L.L.P.
1001 Fannin Street, Suite 2500
Houston, TX 77002-6760

By _____
Christopher Emond