IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **FIFTH GENERATION, INC.** ) | Before the U.S. Trademark Trial and |
| ) | Appeal Board (TTAB) of the U.S Patent |
| Opposer ) | & Trademark Office |
| ) | |
| v. ) | TTAB Opposition No. 91226034 |
| ) | |
| **TITOMIROV VODKA LLC** ) | U.S. Trademark Application Serial No. |
| ) | 86/504,543 |
| Applicant ) | |
| ) | **Civil Action No. TDC-16-2660** |

## MEMORANDUM & ORDER

Pending before the Court and ready for resolution is Applicant Titomirov Vodka, LLC ("Applicant")'s Motion to Quash Subpoena for Deposition [ECF No. 1]. Opposer Fifth Generation, Inc. ("Fifth Generation") filed an Opposition [ECF No. 6] and Applicant filed a Reply [ECF No. 7]. No hearing is deemed necessary. *See* Loc. R. 105.6 (2016).

### *Background*

On January 15, 2015 Applicant filed a trademark application for registration of the "TITOMIROV VODKA" mark, U.S. Trademark Application Serial No. 86/504,543 ("Applicant's Mark"), consisting of the surname of the sole officer, Dr. Alex Titomirov, and generic literal matter "VODKA." ECF No. 1-1 at 2. After a United States Patent & Trademark Office ("USPTO") examining attorney's initial rejection of the application and a letter of protest filed by Fifth Generation, the USPTO examining attorney subsequently reversed his initial determination and approved the TITOMIROV VODKA application in October 2015. ECF No. 6 at 2. Applicant's Mark was published for public opposition in the USPTO Official Gazette on December 29, 2015. Fifth Generation filed a Notice of Opposition on January 27, 2016. *See* ECF No. 1-1 at 2; ECF No. 6 at 2. On April 6, 2016, discovery opened.

1

On July 5, 2016 Fifth Generation served Applicant a Notice of Deposition for August 17, 2016. Applicant's counsel advised Fifth Generation's counsel that Applicant resides in Monaco and that there is no individual within the United States upon which a Federal Rule of Civil Procedure ("Fed. R. Civ. P." or "Rule") 30(b)(6) deposition could be taken for Applicant. Not satisfied with Applicant's response, on July 13, 2016 Fifth Generation served a subpoena issued from this court pursuant to 35 U.S.C. § 24, since Applicant claims its principal office within this judicial district. On July 22, 2016 Applicant filed a motion to quash subpoena for deposition. *See* ECF No. 1. On August 2, 2016 Judge Chuang referred the case to the undersigned to review the motion to quash. *See* ECF No. 4. Three days later the undersigned stayed the August 17, 2016 deposition established by Fifth Generation's subpoena pending complete briefing of the motion to quash subpoena and a ruling by the undersigned. *See* ECF No. 5. The motion has been fully briefed and is ripe for resolution.

*Analysis*

Pursuant to Federal Rule of Civil Procedure 45(d)(3)(A),

> ***When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
> (i) fails to allow a reasonable time to comply;
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
> (iii) requires disclosures of privileged or other protected matter, if no exception or waiver applies; or
> (iv) subjects a person to undue burden.

Applicant contends the subpoena should be quashed. Specifically, Fifth Generation is not entitled to take an oral deposition of Applicant or it sole owner, Dr. Alex Titomirov, since Applicant has no officers or employees in the United States and Dr. Titomirov resides in Monaco. Applicant cites Fed. R. Civ. P. 45(c)(1)(B) which states, "[a] subpoena may command a person to attend a . . . deposition only as follows . . . within the state where the person resides, is

2

employed, or regularly transacts business in person, if the person (i) is a party or a party's officer [.]" Applicant denies having *any* nexus to the State of Maryland. Applicant is a registered limited liability company under Florida law. Applicant conducts no business in the State of Maryland. ECF No. 1-1 at 2. In a footnote Applicant discloses Dr. Titomirov's elderly parents live in Bethesda, Maryland. "As Dr. Titomirov does not reside in the United States, his parents' mailing address is on file with the State of Florida." *Id.* n.2. Although Fifth Generation is precluded from compelling Applicant or Dr. Titomirov's presence in Maryland for an oral deposition due to geographical limitations per Fed. R. Civ. P. 45(c), Applicant asserts Fifth Generation may obtain deposition by written questions in accordance with rules of the USPTO.

In its Opposition Fifth Generation notes, at the outset, that Applicant and Dr. Titomirov's assertions of no ties to the State of Maryland are not supported by evidence, i.e., affidavit or declaration. Second, the factual assertions about the lack of ties to the State of Maryland are contradicted by Applicant's corporate filings, a declaration filed with the USPTO, and a press interview with Dr. Titomirov himself. When Applicant filed its Articles of Organization with the State of Florida forming a limited liability company on December 16, 2014, under Article II (Address) Applicant disclosed,

> The street address of the Company's initial principal office is:
> Titomirov Vodka LLC
> 5800 Midhill St
> Bethesda MD 20817
>
> The mailing address of the Company's initial principal office is:
> Titomirov Vodka LLC
> 5800 Midhill St
> Bethesda MD 20817

ECF No. 6-5 at 3. Under Article VI (Management) Applicant disclosed,

> This will be a manager-managed company. The name and address
> of each manager is:

3

>Alex Titomirov
>5800 Midhill St
>Bethesda MD 20817

*Id.* at 4. Fifth Generation further notes, after it initiated the trademark opposition proceeding, Dr. Titomirov *reaffirmed* the Bethesda address as Applicant's principal office and as the residence of its sole manager (Dr. Titomirov) in an Annual Report filed with the Florida Department of State on April 27, 2016. *See* ECF No. 6-6 at 2.

Fifth Generation's subpoena is directed to Applicant, not to Dr. Titomirov. Fifth Generation denies requiring Applicant to designate Dr. Titomirov as its corporate representative.

According to Fifth Generation, additional evidence demonstrates the substantial contacts Applicant has had with the State of Maryland. When Applicant's counsel filed a declaration with the USPTO on April 23, 2015, counsel attested that TITOMIROV VODKA was first used in commerce as early as April 14, 2015. *See* ECF No. 6-8 at 2. That same declaration lists Applicant's address in Bethesda, Maryland. In a press release launching TITOMIROV VODKA, Dr. Titomirov highlighted aspects of the new vodka including, "We have spent 11 years at the US private clinic studying the composition of the naturally alkaline water with pH 8.5 and higher. As a result of these studies we have created the unique premium class vodka with very high quality and put it into luxury looking bottles." ECF No. 6-10 at 2.

>While there may be no evidence regarding Dr. Titomirov's personal activities within the United States, his statement to the press and the Declaration of Use filed by Titomirov's counsel confirm that Titomirov, the company, is actively engaged in research, development, and marketing activities in the United States, which surely requires Titomirov to retain employees or at least contractors here. If Dr. Titomirov is unwilling or unable to speak for Titomirov himself, then Titomirov can designate one or more of the other individuals already working in the United States on its behalf.

ECF No. 6 at 7. Fifth Generation argues, alternatively, if Applicant's unsupported factual allegations are true, Fifth Generation is still entitled to take a Rule 30(b)(6) deposition of Applicant under binding Fourth Circuit precedent, *Rosenruist-Gestao e Servicos LDA v. Virgin Enterprises, Ltd.*, 511 F.3d 437 (4th Cir. 2007), *cert. denied*, 553 U.S. 1065 (2008) ("Rosenruist").

Fifth Generation rejects Applicant's invitation to take the deposition by written questions. Courts have routinely recognized the benefits of an interactive oral deposition versus a deposition by written questions. Finally, Fifth Generation notes Applicant has not objected to deposition topics, propriety of service of the subpoena, or the personal jurisdiction of this court over Applicant. The only objection, producing a corporate representative in Maryland would be unduly burdensome, should be rejected.

In its Reply Applicant contends Fifth Generation is attempting to circumvent Trademark Trial and Appeal Board Rules and Procedures which do not compel depositions of non-resident foreign witnesses. Applicant argues, in accordance with 37 C.F.R. §§ 2.120(c)(1), 2.124, Fifth Generation must depose Dr. Titomirov, a natural person residing abroad, via written questions. Applicant claims Fifth Generation seeks to misdirect the court by citing 37 C.F.R. § 2.120(b) as authorizing an oral deposition. This provision permits the deposition of a natural person to be taken in the Federal judicial district "where the person resides or is regularly employed. . . ." Applicant notes its sole Rule 30(b)(6) witness, Dr. Titomirov, neither resides in Maryland nor is regularly employed in Maryland. ECF No. 7 at 3.

Moreover, according to Applicant, 35 U.S.C. § 24 cannot be used to compel the deposition of a Rule 30(b)(6) witness since neither Applicant nor its sole founder, namesake, and only employee resides or is within the district of this court. The use of the address of Dr.


Titomirov's elderly parents on corporate filings and disclosures does not subject Applicant to 35 U.S.C. § 24. "Dr. Titomirov never indicated in any 'corporate' or 'official' filing that he personally resides in Maryland, or that Applicant has a principal business address or presence in Maryland. The listing of a mailing address for contact information purposes does not magically create jurisdiction for the purpose of federal subpoena power under §24." ECF No. 7 at 5.

Applicant rejects Fifth Generation's suggestion that Dr. Titomirov's previous employment as a research scientist with the National Institute of Health in Maryland would confer jurisdiction. "Dr. Titomirov's previous career has absolutely no bearing in law or in fact on whether Applicant or its only possible designated witness, Dr. Titomirov, can be now compelled to subpoena in Maryland." *Id.* at 6. Additionally, Dr. Titomirov's study of chemical properties of alkaline water when he previously resided in the United States has no bearing on whether Applicant or Dr. Titomirov may be compelled to testify at a deposition in the State of Maryland.

Finally, Applicant asserts the facts and circumstances of *Rosenruist* are distinguishable from the instant case and thus not controlling. For instance, Applicant is a Florida entity whose sole officer or employee for Rule 30(b)(6) purposes resides in Monaco. *Id.* at 7. Unlike *Rosenruist* Applicant has not designated domestic representatives in the State of Maryland. The USPTO is located in the Commonwealth of Virginia, not the State of Maryland. "Moreover, Applicant expressly contests the validity of the subpoena in the State of Maryland as to Applicant generally, and *de facto* as to Applicant's sole witness, Dr. Titomirov." *Id.* at 8. For all the reasons outlined above, Applicant requests the court grant its motion to quash subpoena for deposition and issue an order quashing Fifth Generation's subpoena for oral deposition.

Title 35 of the United States Code, Section 24 states in pertinent part,

> The clerk of any United States court for the district wherein testimony is to be taken for use in any contested case in the Patent and Trademark Office, shall, upon the application of any party thereto, issue a subpoena for any witness *residing or being within such district*, commanding him to appear and testify before an officer in such district authorized to take depositions and affidavits, at the time and place stated in the subpoena. The provisions of the Federal Rules of Civil Procedure relating to the attendance of witnesses . . . shall apply to contested cases in the Patent and Trademark Office.

Emphasis added.

Fifth Generation argues this court may enforce the subpoena against Applicant because it identified its principal office as 5800 Midhill Street, Bethesda, Maryland when it filed its Articles of Organization and when it filed its Annual Report with the Florida Department of State. Fifth Generation's reliance on the Bethesda, Maryland address as Applicant's principal office appears to invoke, by analogy, a corporation's principal place of business under diversity of citizenship. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. . . ." 28 U.S.C. § 1332(c)(1). In *Hertz Corporation v. Friend*, the United States Supreme Court defined principal place of business as "referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.'" 559 U.S. 77, 92-93 (2010). Dr. Titomirov's declaration rejects any suggestion that the State of Maryland is Applicant's "nerve center."

      1.     I am the owner of Titomirov Vodka LLC.

      2.     I am a full-time permanent resident in Monaco, and reside there with my children.

> 3. I have continuously resided in Monaco since JULY 15, 2014.
>
> 4. I currently work in Monaco and my children currently attend school in Monaco.
>
> 5. The address of 5800 Midhill St., Bethesda, Maryland 20817, is the residence of my elderly parents. I have used this address for mail forwarding purposes only.
>
> 6. I do not reside in the State of Maryland, or anywhere in the United States.
>
> 7. I am not employed in the State of Maryland.
>
> 8. I do not regularly transact business in person in the State of Maryland.
>
> 9. Titomirov Vodka LLC currently has no ties in the State of Maryland.
>
> 10. Titomirov Vodka LLC is a limited liability company of the State of Florida.
>
> 11. There are no corporate officers or employees of Titomirov Vodka LLC who currently reside in the United States.

ECF No. 7-1 at 2-3. Based on Dr. Titomirov's declaration[1] and the lack of evidence contradicting it, the court finds Applicant is directed, controlled, and coordinated by Dr. Titomirov from Monaco. In *Hertz* the United States Supreme Court rejected the suggestion that a corporation's "principal place of business" can be established based merely on the filing of a form, such as the Securities and Exchange Commission's Form 10-K listing a corporation's principal executive office. *Hertz*, 599 U.S. at 97. That Court further observed, "[if] the alleged 'nerve center' is nothing more than a mail drop box, a bare office with a computer, or the location of an annual executive retreat- -the courts should instead take as the 'nerve center' the place of actual direction, control, and coordination[.]" *Id.* Under *Hertz* this court finds the State of Maryland is

---

[1] Dr. Titomirov's declaration is attached to Applicant's Reply, not the Motion to Quash.

**not** Applicant's principal place of business, and therefore, Applicant is not a citizen of the State of Maryland.

Section 24 of Title 35, United States Code, authorizes the clerk of this district court to issue a subpoena for "*any witness residing or being within such district*[.]" Dr. Titomirov's declaration establishes, and Fifth Generation has not presented any evidence to the contrary, that neither Applicant nor Dr. Titomirov resides or is within the judicial district of Maryland.

Under § 24 the issuance of a subpoena must be based on the witness's contacts with the judicial district. In other words, a district court must have personal jurisdiction over the witness. By obtaining a subpoena from this court, Fifth Generation asserts this court has personal jurisdiction over Applicant.

Dr. Titomirov's affidavit clearly establishes Applicant is a Florida limited liability company. Evidence presented by Fifth Generation support this fact. Under *Hertz* Applicant's use of a Maryland address does not constitute Applicant's "nerve center" or principal place of business. The court thus finds Applicant is a non-resident of the State of Maryland.

For this court to exercise personal jurisdiction over Applicant, Fifth Generation must establish the existence of two conditions: "(1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003). Regarding the first condition, the district court "must accept as binding the interpretation of Maryland's long-arm statute rendered by the Maryland Court of Appeals." *Id.* (citing *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 61 (4th Cir. 1993)). The Maryland Court of Appeals has held the statutory inquiry merges with the constitutional inquiry. Although these inquiries are co-extensive, the Maryland Court of Appeals

subsequently clarified the personal jurisdiction assessment still requires a two-step inquiry—statutory and constitutional. *See Mackey v. Compass Mktg., Inc.*, 391 Md. 117, 892 A.2d 479, 493 n.6 (2005).

The exercise of personal jurisdiction may be general or specific. When the cause of action arises out of or is related to the defendant's contact with the forum state, a district court exercises specific jurisdiction over the defendant. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). If however the defendant's contacts with the forum state are not the basis for the suit but the defendant's contacts with the state are "continuous and systematic," *id.* at 415, a district court exercises general jurisdiction over the defendant. There is no evidence suggesting Applicant has "continuous and systematic" contacts with the State of Maryland such that Applicant may be sued in the State of Maryland for any reason. *See CFA Institute v. Institute of Chartered Financial Analysts of India*, 551 F.3d 285, 292 n.15 (4th Cir. 2009). This court thus cannot exercise general personal jurisdiction over Applicant.

Maryland's long-arm statute confers personal jurisdiction over a corporation which directly or by agent "[t]ransacts any business or performs any character of work or service in the State[.]" Md. Code Ann., Cts. & Jud. Proc. § 6-103(b)(1). The court presumes Fifth Generation would rely on this provision. For the exercise of specific personal jurisdiction to comport with due process, this court must consider "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *Carefirst*, 334 F.3d at 397 (internal quotation omitted).

Regarding the first factor Applicant's conduct in the State of Maryland is strictly limited to listing a Maryland address on filings with the State of Florida and USPTO. Fifth Generation has not presented **any** evidence of Applicant conducting activities in the State of Maryland. Second, Fifth Generation's opposition to Applicant obtaining a trademark does **not** arise out of Applicant's activities directed at the State of Maryland. In assessing the third factor, *i.e.,* whether the exercise of personal jurisdiction is "constitutionally reasonable," this court may weigh "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." *Christian Sci. Bd. of Dirs. of First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 217 (4th Cir. 2001) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)). This court finds exercising personal jurisdiction over Applicant is not "constitutionally reasonable" because of the undue burden it would impose on Applicant (no ties to the State of Maryland besides a mailing address, no corporate officers or employees residing in Maryland) and Maryland has no interest in adjudicating this federal trademark dispute. Thus, the court cannot exercise specific personal jurisdiction over Applicant.

Next, Fifth Generation argues the Code of Federal Regulations ("C.F.R.") and the Trademark Trial & Appeal Board Manual of Procedure ("TBMP") expressly contemplate taking depositions of parties pursuant to Rule 30(b)(6). ECF No. 6 at 4 (citing as examples, 37 C.F.R. § 2.120(b) and TBMP § 404.03(a)(1)). Section 2.120(b) of Title 37, Code of Federal Regulations, states in pertinent part, "[t]he deposition of a natural person shall be taken in the Federal judicial district *where the person resides or is regularly employed* or at any place on which the parties agree by stipulation." Neither Applicant nor Dr. Titomirov resides or is regularly employed in

the State of Maryland. TBMP § 404.03(a)(1) is entitled "Person Residing in the United States – Party." Dr. Titomirov does not reside in the United States. Applicant, a Florida limited liability company, has no corporate officers or employees currently residing in the United States.

Applicant argues 37 C.F.R. § 2.120(c)(1) applies to this case. That section states,

> The discovery deposition of a natural person residing in a foreign country who is a party or who, at the time set for the taking of the deposition, is an officer, director, or managing agent of a party, or a person designated under Rule 30(b)(6) or Rule 31(a) of the Federal Rules of Civil Procedure, shall, if taken in a foreign country, be taken in the manner prescribed by § 2.124 unless the Trademark Trial and Appeal Board, upon motion for good cause, orders or the parties stipulate, that the deposition be taken by oral examination.

Section 2.124 concerns depositions upon written questions. TBMP § 404.03(b) is entitled "Person Residing in a Foreign Country – Party." This section refers the reader to TBMP § 404.07 for taking discovery depositions on written questions.

Finally, the court finds the *Rosenruist* case distinguishable and therefore not controlling because (a) Rosenruist appointed members of a Virginia-based law firm as its "domestic representatives" to act as Rosenruist's designees upon whom notices or process processing related to the trademark may be served and (b) the Fourth Circuit never addressed whether the Easter District of Virginia properly exercised personal jurisdiction since Rosenruist never challenged the validity of the subpoena in the district court.

For the reasons outlined above, Applicant's Motion to Quash Subpoena for Deposition [ECF No. 1] BE, and the same hereby IS, **GRANTED**.

Date: <u>September 13, 2016</u>

                                                  /s/ William Connelly
                                                  WILLIAM CONNELLY
                                             UNITED STATES MAGISTRATE JUDGE